UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Todd Hinton, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-941 |
| | ) |
| Viking Client Services, Inc. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action against Defendant to enforce his rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendant is a debt collector. While acting as a debt collector, Defendant attempted to collect a consumer debt from Plaintiff. In so doing, Defendant violated the FDCPA. Plaintiff seeks actual and statutory damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendant conducts business in this District and the conduct complained of occurred here.

## PARTIES

4. Plaintiff Todd Hinton is a consumer as defined by 15 U.S.C. § 1692a(3) and is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt.

5. Defendant Viking Client Services, Inc. (hereinafter referred to as "Viking") is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Viking operates from an address at 7500 Office Ridge Circle, Eden Prairie, MN 55344-3678. In fact, Viking was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Viking is a debt collection agency that maintains a registered agent in Indiana. *See*, record from the Indiana Secretary of State, attached hereto as Exhibit "A". However, Viking is not licensed as a debt collector with the State of Indiana. *See*, record from the NMLS database, attached hereto as Exhibit "B".

## FACTUAL ALLEGATIONS

7. The Plaintiff incurred a debt that was primarily for personal, family, or household purposed as defined by §1692a(5).

8. The debt owed by Plaintiff went into default.

9. After the debt went into default, the debt was placed with or otherwise transferred to Viking for collection.

10. The Plaintiff disputes the debt.

11. Due to various debt and financial problems, on July 24, 2009, Mr. Hinton and his wife filed a Chapter 7 bankruptcy petition in a matter styled *In Re Hinton*, S.D. Ind. Bankr. No.

09-10718-FJO-7.  Among the debts listed on Schedule F of Mr. Hinton's bankruptcy petition was the debt that Viking is now attempting to collect.  As noted on Schedule F, that debt was originally incurred in January 2008.  It went into default sometime in 2008.  *See*, excerpt of bankruptcy petition attached hereto as Exhibit "C".

12. Viking sent an initial form collection letter dated January 9, 2015 to Mr. Hinton in an attempt to collect a debt.  A copy of the letter is attached hereto as Exhibit "D".

13. As is his right under the FDCPA, Mr. Hinton responded to Defendant Viking's collection attempt on January 19, 2015, with a letter refusing to pay the debt.  This letter was delivered to Defendant on January 31, 2015.  A copy of this letter and the delivery confirmation are attached hereto as Exhibit "E".

14. Undeterred, Viking then sent Mr. Hinton a second collection letter dated February 25, 2015, demanding payment of the same debt.  A copy of this letter is attached hereto as Exhibit "F".

15. Viking also sent a copy of the February 25, 2015 letter to Mr. Hinton's aunt.  A copy of the envelope for this letter is attached hereto as Exhibit "G".

16. Defendant's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27F.3d 1254, 1257 (7th Cir. 1994).

**VIOLATION OF § 1692e OF THE FDCPA**
**DEMANDING PAYMENT OF A DEBT THAT IS NOT OWED**

17. Plaintiff adopts and realleges Paragraphs 1 – 16.

18. § 1692e of the FDCPA prohibits debt collectors from using false representations and deceptive means to collect a debt, including, but not limited to, the false representation of the

3

character, amount, or legal status of any debt, as well as taking an action that could not be legally taken.  *See*, 15 U.S.C. § 1692e.

19. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.  *Randolph v. IMBS, Inc.*, 368 F3d 726, 728 – 730 (7th Cir. 2004).

20. Defendant's violation of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692e OF THE FDCPA - FALSE OR MISLEADING REPRESENTATIONS

21. Plaintiff adopts and realleges Paragraphs 1 – 20.

22. § 1692e of the FDCPA prohibits debt collectors from using false representations and deceptive means to collect a debt.  *See*, 15 U.S.C. § 1692e.

23. By attempting to collect a debt in Indiana when it is not authorized to do so, Viking violated § 1692e of the FDCPA.

24. Defendant's violation of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692c(c) OF THE FDCPA - FAILURE TO CEASE COMMUNICATIONS AND CEASE COLLECTIONS

25. Plaintiff adopts and realleges Paragraphs 1 – 24.

26. § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that they refuse to pay.  *See*, 15 U.S.C. § 1692c(c).

27. Here, the letter from Mr. Hinton told Viking that he refused to pay the debt (Exhibit "E").  By continuing to demand payment of the debt and sending Mr. Hinton the February 25, 2015 letter (Exhibit "F"), Viking violated § 1692c(c) of the FDCPA.

28. Viking's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692e(5) OF THE FDCPA – TAKING AN ACTION THAT COULD NOT BE LEGALLY TAKEN

29. Plaintiff adopts and realleges Paragraphs 1 – 28.

30. Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt.  *See*, 15 U.S.C. § 1692e(5).

31. Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA.  See, McCollough v. Johnson, Rodenburge & Lauinger, LLC, 637 F.3d 939, 947-48 (9th Cir. 2011).  Herkert v. MRC Receivables Corp., 655 F. Supp 2d 870, 875-76 (N.D. Ill 2009); Ramirez v. Palisades Collection LLC, 2008 U.S. Dist. Lexis 48722, 15-16 (N.D. Ill 2008); Kimber v. Federal Financial Corporation, 668 F. Supp. 1480, 1487 (M.D. Al. 1987).

32. By attempting to collect a debt that was clearly time-barred under Indiana Law, Viking took actions that it could not legally take and, thus, violated § 1692e(5) of the FDCPA.

33. Defendant's violation of §1692e of the FDCPA renders  it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692c(b) OF THE FDCPA - PROHIBITED COMMUNICATION WITH THIRD PARTY

34. Plaintiff adopts and realleges Paragraphs 1 – 33.

35. § 1692c(b) of the FDCPA prohibits a debt collector from communicating with a third party other than for the purpose of acquisition of location information. *See*, 15 U.S.C. § 1692c(b).

36. Here, the letter from Viking dated February 25, 2015 (Exhibit "F") was also mailed to Mr. Hinton's aunt as indicated by the envelope (Exhibit "G") addressed to Plaintiff's aunt. By sending a copy of the February 25, 2015 letter to Plaintiff's aunt, Viking violated § 1692c(b) of the FDCPA.

37. Viking's violation of § 1692c(b) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHISEFORE, Plaintiff Todd Hinton respectfully requests that the Court find that the Defendant violated the FDCPA and enter judgment against Defendant Viking Client Services, Inc. for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief.


Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn


## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

Thomas G. Bradburn (15377-49)
Bradburn Law Firm
92 S. 9th Street
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com